UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                 HON. AVERN COHN
                                                                 Case No. 19-20283

DAVID HARDEMAN,

    Defendant.

_____/

## Order Denying Defendant's Motion to Suppress (ECF No. 13)

### I. INTRODUCTION

This is a criminal case. Defendant David Hardeman is charged with violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. Before the Court is Hardeman's motion to suppress (ECF No. 13). The motion was the subject of two hearings. After the hearings the Court requested supplemental briefing on the issue of whether one of the officers on the scene (Officer Cherry) was credible in his testimony that he observed a bulge on Hardeman when he exited the vehicle (ECF Nos. 23, 24). The matter is now ready for decision.

For the reasons that follow, Hardeman's motion to suppress is DENIED.

### I. FACTUAL BACKGROUND

Hardeman was approached by police in the late hours of the evening as he was sitting in the passenger seat of a vehicle parked more than 12 inches from the curb and within 15 feet of a fire hydrant (ECF No. 18). Cherry approached the passenger side of the vehicle. He observed Hardeman with an open container of alcohol in his hand.

Cherry instructed Hardeman to exit the vehicle and to put his hands up (Ex. B, Cherry Body Camera). Hardeman exited and put his hands up, but his arms were not fully extended above his head—his elbows remained at waist level. Id. Cherry observed a bulge on Hardeman's left-side chest area when he exited the vehicle (ECF No. 18). Cherry then moved Hardeman's elbows up so both his hands were a few inches above his head. Cherry immediately placed his hands on Hardman's left chest area and asked, "anything you got on you I should know about boss?" Hardeman responded with what sounded like, "yeah." Cherry said, "what you got?" Id. Hardeman didn't answer. At that point, Cherry was already touching the bulge over Hardeman's jacket. Cherry asked, "anything else?" and Hardeman said no. Id.

Cherry then asked Hardeman to turn around and keep his hands up, handcuffed him behind his back, and turned him back around so he was facing Cherry. Cherry unzipped Hardeman's jacket and removed a gun. Id.

## II. LEGAL STANDARD

When a vehicle is lawfully detained for a traffic violation, officers may order the driver and passengers to get out; just as in a Terry stop, a pat-down is permitted of anyone an officer reasonably suspects to be armed and dangerous. Arizona v. Johnson, 555 U.S. 323, 326-27 (2009); Maryland v. Wilson, 519 U.S. 408, 415 (1997); United States v. St., 614 F.3d 228, 232 (6th Cir. 2010). Reasonable suspicion must be supported by "specific and articulable facts." United States v. Beauchamp, 659 F.3d 560, 569 (6th Cir. 2011).

## III. ANALYSIS

Observing a bulge is sufficient to satisfy reasonable suspicion that Hardeman was armed. See Pennsylvania v. Mimms, 434 U.S. 106, 112 (1977); United States v. Bell, 572 F. App'x 417, 419 (6th Cir. 2014); United States v. Stennis, 457 F. App'x 494, 499-500 (6th Cir. 2012) (citing Mimms).

At the second hearing, Hardeman re-created what his left chest area would have looked like on the night he was stopped. He put on a jacket he said he wore and placed the gun in the left jacket pocket. The Court observed: "[i]t appears that the pocket has something in it as distinguished from the other pocket. His right-hand pocket is laying flat. This pocket, whether you call it a bulge or an extension, I see it" (ECF No. 22, PageID.125).

Hardeman argues that "if Cherry saw a bulge that he believed to have been a firearm, it strains credulity that Cherry would not have immediately removed the firearm from the chest area" (ECF No. 24). The Court disagrees. After Cherry moved Hardeman's elbows up so his hands were raised above his head, Cherry immediately went for the area where he saw a bulge. Once he touched Hardeman's left chest area and felt what he said was the handle of a gun, he turned Hardeman around, handcuffed him, and then removed the gun in a matter of seconds (ECF No. 18; Ex. B). Cherry did not continue to pat Hardeman down or otherwise delay in retrieving the gun once Hardeman was handcuffed.

## IV. CONCLUSION

For the reasons set forth above, Defendant Hardeman's motion to suppress is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 10/30/2019
Detroit, Michigan